# FEDERAL OPINIONS
## Epitomized Cases

---

No. 365

SILVERMAN v. UNITED STATES

U. S. Appeals, 6th Circuit

No. 4009. Decided Dec. 5, 1924.

**1004. RECEIVING STOLEN GOODS—Is upon government, to show that the accused was in full knowledge and belief that the goods were stolen—may be proven by circumstantial evidence.**

DONAHUE, J.

Louis Silverman was charged with unlawfully buying, receiving and having in his possession, certain goods and chattels stolen from an interstate shipment of freight in the course of shipment of Interstate Commerce. He was convicted in the District Courts, with knowingly receiving stolen goods. Error was prosecuted and the Circuit Court of Appeals held:

It was prejudicial error for the trial court to charge that "all the government need to prove to a reasonable certainty, is that the defendants to which ever one you find the evidence applies, had knowledge that the goods coming into his possession, were not coming in a way to make his possession rightful."

This element of the offense may be proven by evidence of facts and circumstances surrounding the transaction, from which a guilty knowledge would necessarily follow.

Judgment reversed and remanded.

Attorneys—T. R. Hamilton, Lima; Curtis T. and Ben W. Johnson, for Silverman; Geo. E. Reed, Toledo, and A. E. Bernsteen, Cleveland, for United States.

---

No. 366

HAWTHORNE v. FISH, TREAS.

U. S. Dist. Court, S. D. Ohio, W. D.

No. 134 in Equity. Decided Jan. 16, 1925.

**923. PLEADINGS—Allegation in bill of complaint that certain act is "unlawful and unconstitutional" is mere conclusion of law and no cause of action exists.**

HICKENLOOPER, DJ.

This case came on to be heard upon motion to dismiss the bill of complaint of Hawthorne, upon the ground that the constitutional question raised has been fully adjudicated by the U. S. and the Ohio Supreme Courts. Hawthorne alleged that he as taxpayer brought the original suit in behalf of the city of Troy.

It seems that a tax or assessment had been levied against Troy by Wm. Fish, treasurer of Miami county, which is claimed by Hawthorne to be unlawful as abridging the privileges and immunities of citizens of the United States as written in its constitution. The Court in granting Fish the motion to dismiss, held:

1. The bold statement of violation of a constitutional right, which in effect, is no more than a conclusion of law, is wholly insufficient to raise the bona fide constitutional question necessary to confer jurisdiction upon the court.

2. Numerous courts have held that the enactment has been a valid exercise of the constitutional power of the legislature. Miami County v. Dayton 92 OS. 215.

Attorneys—Alexander R. Hawthorne for Hawthorne; Kenneth Little for Fish; both of Troy.

---

No. 367

ALLEN v. ERIE RD. CO.

U. S. Appeals, 6th Circuit

No. 4054. Decided Dec. 2, 1924.

For full opinion, see 2 Fed. (2d) 712.

**297. CONTRACT—Between railroad and employe of manufacturer of engine appliance held to release railroad from liability for negligence.**

PER CURIAM.

Allen was killed by the explosion of the boiler of the locomotive in which he was riding. He was in the general employment of a company which manufactured an appliance which had been installed on this engine and for his employers' benefit, was inspecting, observing, and perhaps adjusting this appliance. Goldie Allen, as administratrix, brought an action in the District Court and claimed that a release executed to the Erie Railroad Co., upon whose lines he was then working, by Allen did not release the Railroad Co. from negligence; but said contract was merely an acceptance of the status of a railroad employe. The District Court rendered judgment in favor of the Railroad Co. The Circuit Court of Appeals held:

1. According to the words of the contract of release; "from any and all damage or claim resulting in connection with or arising from Allen's presence on the engine pursuant to the contract," are as broad as could be made.

2. The language of the release could not be operative unless it included negligence, and hence if for no other reason, it must be thus inclusively interpreted. Judgment affirmed.

Attorneys—Day & Day & R. H. Dawson, Cleveland, for Allen; Cook, McGowan, Foote, Bushnell & Burgess, Cleveland, for Railway Co.